## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY SMITH,  X<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>PARSLEY ENERGY, INC., MATT GALLAGHER, BRYAN SHEFFIELD, A.R. ALAMEDDINE, RONALD BROKMEYER, WILLIAM BROWNING, HEMANG DESAI, KAREN HUGHES, JAMES J. KLECKNER, DAVID H. SMITH, S. WIL VANLOH, JR., JERRY WINDLINGER, PEARL FIRST MERGER SUB INC., PEARL SECOND MERGER SUB LLC. PEARL OPCO MERGER SUB LLC, and PIONEER NATURAL RESOURCES COMPANY,<br><br>　　　　　　Defendants.  X | Civil Action No. _____<br><br>**COMPLAINT FOR VIOLATIONS OF SECTIONS 14(a) AND 20(a) OF THE SECURITIES EXCHANGE ACT OF 1934**<br><br>**JURY TRIAL DEMAND** |

Plaintiff Jeffrey Smith ("Plaintiff") alleges the following upon information and belief, including investigation of counsel and review of publicly available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

### NATURE OF THE ACTION

1.　　Plaintiff brings this action as a stockholder of Parsley Energy, Inc. ("Parsley Energy" or the "Company") against Parsley Energy's Board of Directors (the "Board" or the "Individual Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934, 15.U.S.C. §§ 78n(a), 78t(a), and SEC Rule 14a-9, 17 C.F.R. 240.14a-9, arising out of the Board's attempt to sell the Company (including Parsley Energy's wholly-owned subsidiary Parsley Energy, LLC) to Pioneer Natural Resources Company ("Parent") through its wholly-owned subsidiaries, Pearl First Merger Sub Inc., Pearl Second Merger Sub LLC, and Pearl Opco Merger Sub LLC (collectively "Pioneer").

2.      Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading registration statement (the "S-4") to be filed with the United States Securities and Exchange Commission ("SEC") on November 23, 2020.  The S-4 recommends that Parsley Energy's stockholders vote in favor of a proposed transaction (the "Proposed Transaction") whereby Parsley Energy is acquired by Pioneer.   The Proposed Transaction was first disclosed on October 20, 2020, when Parsley Energy and Pioneer announced that they had entered into a definitive merger agreement (the "Merger Agreement") pursuant to which Pioneer will acquire all of the outstanding shares of common stock of Parsley Energy in exchange for 0.1252 shares of Parent common stock per share of Parsley Energy (the "Merger Consideration").  The deal is valued at approximately $7.6 billion and is expected to close in the first quarter of 2021.

3.      The S-4 is materially incomplete and contains misleading representations and information in violation of Sections 14(a) and 20(a) of the Exchange Act.  Specifically, the S-4 contains materially incomplete and misleading information concerning the sales process, financial projections prepared by Parsley Energy's management, as well as the financial analyses conducted by Credit Suisse Securities (USA) LLC ("Credit Suisse") and Wells Fargo Securities, LLC ("Wells Fargo"), Parsley Energy's financial advisors.

4.      For these reasons, and as set forth in detail herein, Plaintiff seeks to enjoin defendants from taking any steps to consummate the Proposed Transaction, including filing an amendment to the S-4 with the SEC or otherwise causing an amendment to the S-4 to be disseminated to Parsley Energy's stockholders, unless and until the material information discussed below is included in any such amendment or otherwise disseminated to Parsley Energy's stockholders.   In the event the Proposed Transaction is consummated without the material

omissions referenced below being remedied, Plaintiff seeks to recover damages resulting from the defendants' violations.

## PARTIES

5.      Plaintiff is, and has been at all relevant times, the owner of shares of common stock of Parsley Energy.

6.      Defendant Parsley Energy is a corporation organized and existing under the laws of the State of Delaware.  The Company's principal executive offices are located at 303 Colorado Street, Austin, Texas 78701.  Parsley Energy's common stock trades on NYSE under the ticker symbol "PE."

7.      Defendant Matt Gallagher ("Gallagher") has been President and Chief Executive Officer ("CEO") of the Company since January 2019 and a director of the Company since 2013.

8.      Defendant Bryan Sheffield ("Sheffield") has been a director of the Company since 2008 and has served as Executive Chairman of the Board since January 2019.  Defendant Sheffield founded the Company and previously served as President and CEO.  Defendant Sheffield is the son of the CEO of Pioneer.

9.      Defendant A.R. Alameddine ("Alameddine") has been a director of the Company since 2013.

10.     Defendant Ronald Brokmeyer ("Brokmeyer") has been a director of the Company since 2016.

11.     Defendant William Browning ("Browning") has been a director of the Company since 2014.

12.     Defendant Hemang Desai ("Desai") has been a director of the Company since 2014.

13.     Defendant Karen Hughes ("Hughes") has been a director of the Company since

2017.

14.     Defendant James J. Kleckner ("Kleckner") has been a director of the Company since January 2020.

15.     Defendant David H. Smith ("Smith") has been a director of the Company since 2013.

16.     Defendant S. Wil VanLoh, Jr. ("VanLoh") has been a director of the Company since January 2020.

17.     Defendant Jerry Windlinger ("Windlinger") has been a director of the Company since 2016.

18.     Defendants Gallagher, Sheffield, Alameddine, Brokmeyer, Browning, Desai, Hughes, Kleckner, Smith, VanLoh and Windlinger are collectively referred to herein as the "Board" or "Individual Defendants."

19.     Defendant Parent is a Delaware corporation.  Parent's principal executive offices are located at 777 Hidden Ridge, Irving, Texas 75038.  Parent common stock trades on NYSE under the ticker symbol "PXD."

20.     Defendant Pearl First Merger Sub Inc. is a Delaware corporation and is a wholly-owned subsidiary of Parent.

21.     Defendant Pearl Second Merger Sub LLC is a Delaware limited liability company and is a wholly-owned subsidiary of Parent.

22.     Defendant Opco Merger Sub LLC is a Delaware limited liability company and is a wholly-owned subsidiary of Parent.

## JURISDICTION AND VENUE

23.     This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange

Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges

violations of Section 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9.

24.     Personal jurisdiction exists over each defendant either because the defendant

conducts business in or maintains operations in this District, or is an individual who is either

present in this District for jurisdictional purposes or has sufficient minimum contacts with this

District as to render the exercise of jurisdiction over defendant by this Court permissible under

traditional notions of fair play and substantial justice.

25.     Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. §

78aa, as well as under 28 U.S.C. § 1391, because: (i) a significant amount of the conduct at issue

took place and had an effect in this District; and (ii) Parsley Energy is incorporated in this District.

FURTHER SUBSTANTIVE ALLEGATIONS

**A. Background of the Company and the Proposed Transaction**

26.     Parsley Energy is an oil and gas company operating in the Permian Basin, located

in western Texas and southeastern New Mexico.  As of September 30, 2020, the Company had

interests in 2,205 gross wells, of which 1,652 gross wells were being operated.  The vast majority

of Parsley Energy's revenues are generated from oil sales, which totaled $1.089 billion for the nine

months ending September 30, 2020.

27.     On October 20, 2020, the Company entered into the Merger Agreement with

Pioneer.

28.     According to the press release issued on October 20, 2020 announcing the Proposed

Transaction:

**Pioneer Natural Resources Announces Agreement to Acquire Parsley Energy**

**Dallas and Austin, Texas, October 20, 2020 - Pioneer Natural Resources Company (NYSE:PXD)** ("Pioneer" or "the Company") and Parsley Energy, Inc. (NYSE:PE) ("Parsley") today announced that they have entered into a definitive

5

agreement under which Pioneer will acquire all of the outstanding shares of Parsley in an all-stock transaction valued at approximately $4.5 billion as of October 19, 2020. Under the terms of the agreement, Parsley shareholders will receive a fixed exchange ratio of 0.1252 shares of Pioneer common stock for each share of Parsley common stock owned. The total value for the transaction, inclusive of Parsley debt assumed by Pioneer, is approximately $7.6 billion.

Scott D. Sheffield, Pioneer's President and CEO stated, "This transaction creates an unmatched independent energy company by combining two complementary and premier Permian assets, further strengthening Pioneer's leadership position within the upstream energy sector. Parsley's high-quality portfolio in both the Midland and Delaware Basins, when added to Pioneer's peer-leading asset base, will transform the investing landscape by creating a company of unique scale and quality that results in tangible and durable value for investors.

This combination is expected to drive annual synergies of $325 million and to be accretive to cash flow per share, free cash flow per share, earnings per share and corporate returns beginning in the first year, creating an even more compelling investment proposition. Further, Pioneer's emphasis on environmental stewardship aligns with Parsley's culture of sustainable operations. The addition of Parsley's high-quality assets enhances Pioneer's investment framework by improving our free cash flow profile and strengthening our ability to return capital to shareholders. We look forward to integrating Parsley into Pioneer and continuing our history of strong execution."

Matt Gallagher, Parsley's President and CEO stated, "The combination of Parsley and Pioneer creates an organization set to thrive as we forge a strong new link at the low end of the global cost curve. With neighboring acreage positions located entirely in the low-cost, high-margin Permian Basin, the industrial logic of this transaction is sound. Furthermore, the Pioneer team shares our belief that a clear returns-focused mindset is the best tool to compete for capital within the broader market. Sustainable free cash flow and growing return of capital are now investment prerequisites for the energy sector and this combination strengthens those paths for our shareholders. Finally, I would like to personally thank every employee of Parsley Energy for their role in the evolution of this company – from operating a few dozen vertical wells in 2008 to a global leadership position in E&P operations today."

S. Wil VanLoh, Jr., a Parsley director and the Founder and Chief Executive Officer of Quantum Energy Partners, Parsley's largest shareholder, commented, "The inevitable consolidation in the Permian marches on and I couldn't think of a better combination of assets than Pioneer and Parsley. This combination will provide Parsley shareholders new structural advantages including a lower cost of capital, a fortified balance sheet, economies of scale, and enhanced ESG capabilities, while amplifying all of the relative strengths of our standalone model. We look forward

to partnering with the Pioneer team as they cement their position as the premier independent E&P."

**Strategic and Financial Benefits**

- **Accretive to Key Financial Metrics** – Pioneer expects the transaction to be accretive on key financial metrics including cash flow and free cash flow per share, earnings per share and return on capital employed beginning in 2021. The enhanced cash flow generation of the combined company strengthens Pioneer's investment framework creating a more robust free cash flow profile while lowering the reinvestment rate to a range of 65% to 75% at strip pricing.

- **Significant Synergies** – The combination of Pioneer and Parsley is expected to result in annual cost savings of approximately $325 million through operational efficiencies and reductions in general and administrative (G&A) and interest expenses. The expected present value of these cost savings exceeds $2 billion over a ten-year period. Operational savings are driven by the utilization of shared facilities, overlapping operations, scale efficiencies and benefits provided by Pioneer's extensive water infrastructure. Further synergies are realized from adjacent acreage footprints and the ability to drill extended laterals where lease configurations of the separate companies prevented long-lateral horizontal wells.

- **Unmatched Permian Scale** – The combined company will be the leading Permian independent exploration and production company with a premium asset base of approximately 930,000 net acres with no federal acreage and a production base of 328 thousand barrels of oil per day and 558 thousand barrels oil equivalent per day as of the second quarter of 2020. Additionally, based on year-end 2019 proved reserves, this transaction will increase Pioneer's proved reserves by approximately 65%.

- **Top-Tier Balance Sheet** – Pioneer's pro forma leverage will remain among the lowest in the industry, preserving the Company's financial flexibility and allowing for significant return of capital to shareholders. The combined company is expected to benefit from approximately $75 million per year in lower interest expense and will gradually reduce net debt to EBITDAX to less than 0.75x from an already strong position.

- **Sustainable Development** – Pioneer and Parsley have demonstrated strong commitments to best-in-class environmental, social and governance practices. The combined company will continue to aggressively pursue improvements and promote a culture that prioritizes sustainable operations. Pioneer plans to publish a comprehensive 2020 Sustainability Report detailing its efforts in these areas during the fourth quarter of 2020.

**Transaction Details**

This all-stock transaction constitutes a 7.9% premium to Parsley shareholders based on unaffected closing share prices as of October 19, 2020. Pioneer will issue approximately 52 million shares of common stock in the transaction. After closing, existing Pioneer shareholders will own approximately 76% of the combined company and existing Parsley shareholders will own approximately 24% of the combined company.

The transaction has been unanimously approved by the Boards of Directors of both Pioneer and Parsley and is expected to close in the first quarter of 2021, subject to customary closing conditions, regulatory approvals and shareholder approvals. Parsley's largest investor, Quantum Energy Partners, which owns approximately 17% of Parsley's outstanding shares, has executed a Voting and Support Agreement in connection with the transaction.

Upon closing of the transaction, Pioneer's Board of Directors will be expanded to thirteen to include Matt Gallagher, Parsley's President and CEO, and A.R. Alameddine, Parsley's lead director. Pioneer's executive management team will lead the combined company with the headquarters remaining in Dallas, Texas.

**B. The Materially Incomplete and Misleading S-4**

29.     The Individual Defendants must disclose all material information regarding the Proposed Transaction to Parsley Energy's stockholders so that they can make a fully informed decision whether to vote in favor of the Proposed Transaction.

30.     On November 23, 2020, defendants filed the S-4 with the SEC.  The purpose of the S-4 is, *inter alia*, to provide the Company's stockholders with all material information necessary for them to make an informed decision on whether to vote their shares in favor of the Proposed Transaction.  However, significant and material facts were not provided to Plaintiff.  Without such information, Parsley Energy's stockholders cannot make a fully informed decision concerning

whether or not to vote in favor of the Proposed Transaction.

### *Materially Misleading Statements/Omissions Regarding the Management-Prepared Financial Forecasts*

31.     The S-4 discloses management-prepared financial projections for the Company which are materially misleading.  The S-4 indicates that in connection with the rendering of Credit Suisse's fairness opinion, Credit Suisse reviewed "financial forecasts and projected production and operating data relating to Parsley provided to Credit Suisse by Parsley's management" as well as "financial forecasts provided to Credit Suisse by Pioneer's management" and "projected production and operating data relating to Pioneer provided to Credit Suisse by Pioneer's management."  In connection with the rendering of its fairness opinion, Wells Fargo reviewed "certain of the Parsley projections and the Pioneer projections prepared by the managements of Parsley and Pioneer."  Accordingly, the S-4 should have, but failed to, provide certain information in the projections that Parsley Energy's management provided to the Board and both Credit Suisse and Wells Fargo.

32.     Defendants failed to disclose crucial information from the Pioneer-prepared projections.  For example, the S-4 fails to disclose the significance of September 22, 2020 when considering strip pricing, as Parsley Energy's advisors did.  The S-4 also fails to disclose projected: stock-based compensation expense for Parsley Energy; operating income; pretax income; tax expense; net income; NOL utilization; and effective tax rates before NOL utilization.  In addition, the S-4 fails to explain the basis for Goldman Sachs and Credit Suisse utilizing the Q4 2020E forecasts for Pioneer, but only Goldman Sachs using the Q4 2020E forecasts for Parsley Energy.  The S-4 fails to disclose projected interest expense and cash interest expense for both Pioneer and Parsley Energy.  And the S-4 fails to disclose the basis for the differences between the unlevered free cash flow calculations for Pioneer and Parsley Energy, and fails to disclose cash interest

expense, change in working capital, cash geological and geophysical and seismic expenses, other income, other cash flow items for Pioneer, and total acquisition and divestiture and other property, plant and equipment expenses for Parsley Energy.  This omitted information is necessary for Parsley Energy's stockholders, including Plaintiff, to make an informed decision on whether to vote in favor of the Proposed Transaction.

33.     Defendants also failed to disclose crucial information from the Parsley Energy-prepared projections.  The S-4 does not disclose the basis for forecasts being necessary based on two different strip pricing dates, the basis for utilizing September 22, 2020, and the basis for not using the most current information available.  The S-4 further fails to disclose projected: stock-based compensation for both companies; operating income; pretax income; tax expense; net income; NOL utilization; and effective tax rates before NOL utilization.  The S-4 also does not disclose the basis for no cash taxes being projected.  Furthermore, the S-4 does not explain the basis for capital expenditures in both Parsley Energy Case A and Parsley Energy Case B excluding the stated amounts in 2021-2024.  Finally, the S-4 does not explain the disproportionately large jump (compared to changes in other years) to $50 oil prices in the "beyond" period in Parsley Energy Case D and Pioneer Case B.  This omitted information is necessary for Parsley Energy stockholders, including Plaintiff, to make an informed decision on whether to vote in favor of the Proposed Transaction.

### Materially Incomplete and Misleading Disclosures Concerning Credit Suisse's Financial Analyses

34.     With respect to the *Discounted Cash Flow Analysis—Corporate,* the S-4 fails to disclose the basis for selecting the discount rate range of 9.5% to 11.5% for Parsley Energy, and the discount rate range of 9.0% to 11.0% for Pioneer.

35.     With respect to the *Discounted Cash Flow Analysis—Net Asset Value*, the S-4 fails to disclose the basis for selecting the discount rate range of 9.5% to 11.5% for Parsley Energy, and the discount rate range of 9.0% to 11.0% for Pioneer.

### Materially Incomplete and Misleading Disclosures Concerning Wells Fargo's Financial Analyses

36.     With respect to the *Discounted Cash Flow Analysis,* the S-4 fails to disclose the basis for selecting the discount rate range of 7.75% to 9.25% for Parsley Energy, as well as the selection of the terminal EBITDAX multiples of 4.75x to 5.75x.  The S-4 further fails to disclose the basis for selecting the discount rate range of 7.25% to 8.75% for Pioneer, as well as the terminal EBITDAX multiples of 5.50x to 6.50x.

37.     With respect to the *Selected Public Companies Analysis,* the S-4 fails to disclose the objective selection criteria for each company selected for Parsley Energy, as well as the multiples for TEV/2021E EBITDAX, P/2021E CFPS and TEV/20214E Production for each company. The S-4 also fails to disclose the objective selection criteria for each company selected for Pioneer, as well as the multiples for TEV/2021E EBITDAX, P/2021E CFPS and TEV/20214E Production for each company.

### Materially Incomplete and Misleading Disclosures Concerning the Flawed Process

38.     The S-4 also fails to disclose material information concerning the sales process. From the beginning, the Board was boxed into a transaction with Pioneer.  Defendant Sheffield is the founder of Parsley Energy and acted as CEO until last year.  Defendant Sheffield is now Executive Chairman, where he is an officer and employee of the Company.  His father, Scott Sheffield, is the CEO of Pioneer.  Once the idea of a transaction between the two companies was discussed, defendant Sheffield and his father pressured the Board to make it happen.

39.     On April 21, 2020, the Board met to discuss exploring opportunities to merge with another company.  But just three months earlier Parsley Energy closed on its acquisition of Jagged Peak Energy Inc.  That acquisition was touted as a "natural fit" that would create a "premier Delaware Basin business that rivals [Parsley Energy's] foundational Midland Basin Business" in the October 14, 2019 press release announcing the transaction.  The S-4 fails to disclose the basis for considering a merger or sale of the Company just three months after such a transformational acquisition.

40.     After that Board meeting, defendants VanLoh, Sheffield and Alameddine held discussions with Parsley Energy's senior management about a strategic combination.  Defendant VanLoh is the founder and CEO of Quantum Energy Partners, which holds approximately 17.3% of Parsley Energy's Class A common stock and 15.8% of overall voting power.  The S-4 does not disclose which members of senior management held these discussions, what defendant Sheffield's role was in these discussions, nor why it was just the Executive Chairman, Lead Director and the director representing the Company's largest shareholder who were consulted by senior management.

41.     The result of these discussions was defendant Alameddine's recommendation to the Board that the Company contact six potential parties, one of which was Pioneer.  According to the S-4, senior management's conversations with individual board members confirmed the Board's support for contacting those potential parties.  The S-4 does not disclose which members of senior management held discussions with which Board members, or defendant Sheffield's role in those conversations.

42.     Sometime between May 15, 2020 and May 18, 2020, defendant Sheffield and his father discussed a potential transaction between Parsley Energy, Pioneer and Company C.  On

May 18, 2020, Pioneer and Parsley Energy entered into a confidentiality agreement.  While the S-4 notes that Pioneer's directors agreed to limit Scott Sheffield's role in the discussions, the S-4 is silent as to whether the same was discussed by the Board concerning defendant Sheffield.  Instead, the S-4 simply notes that defendant Sheffield and defendant Gallagher shared responsibility for contacting the other potential parties.  Those responsibilities were based on existing relationships with representatives of each company, but the S-4 does not disclose what those relationships were.

43.     The role of defendant Sheffield is described vaguely in the S-4.  On May 21, 2020, the Board "indicated its support" for defendant Sheffield not being involved in substantive discussions or negotiations between Pioneer and Parsley Energy.  There is no indication that the Board limited defendant Sheffield's role in the process, or discussed a potential committee to handle the process, or even agreed that defendant Sheffield should avoid involvement in discussions or negotiations.  In fact, at the end of that meeting the Board authorized senior management to continue discussions with Pioneer; whether that authorization included defendant Sheffield is unknown.  Just a few weeks later, on June 6, 2020, defendant Sheffield discussed a potential three-party transaction between Pioneer, Parsley Energy and Company G.  Defendant Sheffield contacted a representative of Company G on June 10, 2020 about interest in a combination with Parsley Energy and Pioneer.  It is not clear from the S-4 if the Board was aware of the discussions between defendant Sheffield and his father and Company G around this time.  Two days later, the Board named defendant Sheffield to a committee (along with defendants Gallagher, Alameddine and VanLoh) authorized to evaluate any formal proposals submitted.  The S-4 is silent as to how long this committee was in place, what the actual authorization of that committee entailed, and whether that meant that defendant Sheffield had any discussions with his father or other Pioneer representatives.  Finally, on June 18, 2020, defendant Sheffield and his

father discussed recusing themselves from discussions and negotiations.  But the S-4 is silent as to whether defendant Sheffield was involved in the process after this point and the nature of his involvement.

44.    It was not just defendant Sheffield appearing to pressure Parsley Energy into a transaction with Pioneer.  On June 8, 2020, after a discussion between defendant Sheffield and his father, representatives from Pioneer contacted defendant Gallagher and suggested a three-party combination that included Company G.  On June 11, 2020, Scott Sheffield contacted Company F to determine its interest in a combination with Pioneer and Parsley Energy, and then Pioneer informed defendant Gallagher of Company F's interest in a potential combination.  The next day, Scott Sheffield contacted defendant Alameddine to discuss Pioneer's discussions with Company F.  That same day, June 12, 2020, the Board met to discuss a three-party combination between Company F, Pioneer and Parsley Energy.  The S-4 does not disclose whether the Board discussed a combination between just Parsley Energy and Company F, or the basis for not approaching Company F about a potential transaction between Parsley Energy and Company F that did not include Pioneer.  Instead, the Board acquiesced to Pioneer's pressure.

45.    As the process progressed, certain actors steered the Company toward a transaction even when against the Board's wishes.  On July 21, 2020, defendants Gallagher, VanLoh, Sheffield, and Alameddine discussed Pioneer's recent proposal.  The Board had specifically rejected any transaction where the premium would be less than 10%, and defendants Gallagher, VanLoh, Sheffield, and Alameddine agreed that Pioneer's recent proposal would not be acceptable to the Board.  Defendant Gallagher relayed this to Pioneer, which stopped work on the transaction between Pioneer, Parsley Energy and Company F.  One month later, defendant Gallagher contacted Scott Sheffield to lament the end of discussions and to advise Scott Sheffield that the

benefits of a merger, in terms of synergies, was greater than Pioneer assumed.  The S-4 is silent as to whether defendant Gallagher had the authorization of the Board to contact Pioneer, and is also silent as to how defendant Gallagher had determined the synergies that would result from a combination of Parsley Energy and Pioneer.  In any event, it worked—discussions between the two companies resumed.

46.     The S-4 is not clear about which projections were approved for use by the Board and their relationship to the disclosed projections.  For example, the Board reviewed Parsley Energy's updated long-term financial forecasts on May 21, 2020, but the S-4 does not disclose how those forecasts differed from previous forecasts, not whether the May 21, 2020 forecasts were disclosed in the S-4.  Similarly, senior management reviewed an updated set of forecasts for Parsley Energy at the October 16, 2020 Board meeting, but the S-4 does not disclose how those forecasts differed from the forecasts reviewed at the May 21, 2020 meeting or whether these forecasts were disclosed in the S-4.

47.     The Company's financial advisors discussed their financial analyses at numerous Board meetings.  Yet those analyses have not been disclosed.  This includes: the certain information provided by Credit Suisse to Parsley Energy's senior management as reviewed with the Board on May 21, 2020; the preliminary financial information about a potential combination with Pioneer reviewed by Credit Suisse at the Board meeting on October 8, 2020; and the financial analyses discussed by Credit Suisse and Wells Fargo at the October 18, 2020 Board meeting.

48.     The S-4 makes no mention of whether the Board considered conflicts of interest when it approved the engagement of Credit Suisse and Wells Fargo as financial advisors.  This information is crucial, as the Board agreed to pay Credit Suisse $3 million when its fairness opinion was rendered, and an amount to be determined by the aggregate value of the Proposed Transaction.

The S-4 does not disclose the formula underlying the fee arrangement, nor when that agreement was entered into by the Board.

49.     The S-4 fails to disclose the differences between the confidentiality agreements Parsley Energy entered into with Pioneer and Company F.  The S-4 notes that the confidentiality agreement had "substantially the same terms" as the one entered between the Company and Pioneer.  However, the confidentiality agreement with Pioneer included standstill provisions that fell away upon certain events related to a change of control transaction.  The S-4 does not state whether the confidentiality agreement with Company F had standstill provisions or whether such standstill provisions would fall away upon certain events occurring.  The disclosure of the terms of any standstill provisions is crucial to Plaintiff and Parsley Energy's stockholders being fully informed of whether their fiduciaries have put in place restrictive devices to foreclose a topping bid for the Company.

50.     This information is necessary to provide the Company's stockholders a complete and accurate picture of the sales process and its fairness.  Without this information, stockholders were not fully informed as to the defendants' actions, including those that may have been taken in bad faith, and cannot fairly assess the process.  And without all material information, Plaintiff is unable to make a fully informed decision in connection with the Proposed Transaction and faces irreparable harm, warranting the injunctive relief sought herein.

51.     In addition, the Individual Defendants knew or recklessly disregarded that the S-4 omits the material information concerning the Proposed Transaction and contains the materially incomplete and misleading information discussed above.

52.     Specifically, the Individual Defendants undoubtedly reviewed the contents of the S-4 before it was filed with the SEC. Indeed, as directors of the Company, they were required to

do so.  The Individual Defendants, thus, knew or recklessly disregarded that the S-4 omits the material information referenced above and contains the incomplete and misleading information referenced above.

53.     Further, the S-4 indicates that on October 20, 2020, Credit Suisse and Wells Fargo reviewed with the Board their financial analysis of the Merger Consideration and delivered to the Board oral opinions, which were confirmed by delivery of written opinions of the same date, to the effect that the Merger Consideration was fair, from a financial point of view, to Parsley Energy stockholders.  Accordingly, the Individual Defendants undoubtedly reviewed or were presented with material information concerning Credit Suisse's and Wells Fargo's financial analyses which have been omitted from the S-4, and thus knew or should have known that such information has been omitted.

54.     Plaintiff is immediately threatened by the wrongs complained of herein, and lack an adequate remedy at law.  Accordingly, Plaintiff seeks injunctive and other equitable relief to prevent the irreparable injury that the Company's stockholders will continue to suffer absent judicial intervention.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for Violations of
Section 14(a) of the Exchange Act and Rule 14a-9**

55.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

56.     Defendants have filed the S-4 with the SEC with the intention of soliciting Parsley Energy's stockholder support for the Proposed Transaction.  Each of the Individual Defendants reviewed  and  authorized  the  dissemination  of  the  S-4,  which  fails  to  provide  the  material

information referenced above.

57.     In so doing, defendants made materially incomplete and misleading statements and/or omitted material information necessary to make the statements made not misleading.  Each of the Individual Defendants, by virtue of their roles as officers and/or directors of Parsley Energy, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a).

58.     Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that such communications with stockholders shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

59.     Specifically, and as detailed above, the S-4 violates Section 14(a) and Rule 14a-9 because it omits material facts concerning: (i) management's financial projections; (ii) the value of Parsley Energy's shares and the financial analyses performed by Credit Suisse and Wells Fargo in support of its fairness opinion; and (iii) the sales process.

60.     Moreover, in the exercise of reasonable care, the Individual Defendants knew or should have known that the S-4 is materially misleading and omits material information that is necessary to render it not misleading.  The Individual Defendants undoubtedly reviewed and relied upon the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction; indeed, the S-4 states that Credit Suisse and Wells Fargo reviewed and discussed its financial analyses with the Board during various meetings including on October 20, 2020, and further states that the Board relied upon Credit Suisse's and Wells Fargo's financial analyses and fairness opinions in connection with approving the Proposed Transaction.

The Individual Defendants knew or should have known that the material information identified above has been omitted from the S-4, rendering the sections of the S-4 identified above to be materially incomplete and misleading.

61.     The misrepresentations and omissions in the S-4 are material to Plaintiff, who will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the vote on the Proposed Transaction. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**On Behalf of Plaintiff against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

62.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

63.     The Individual Defendants acted as controlling persons of Parsley Energy within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers and/or directors of Parsley Energy and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the S-4 filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

64.     Each of the Individual Defendants was provided with or had unlimited access to copies of the S-4 and other statements alleged by Plaintiff to be misleading prior to the time the S-4 was filed with the SEC and had the ability to prevent the issuance of the statements or cause the

statements to be corrected.

65.      In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same.  The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The S-4 at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the S-4.

66.      In addition, as the S-4 sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The S-4 purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

67.      By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

68.      As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

### RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in his favor and against the defendants jointly and severally, as follows:

A.     Preliminarily and permanently enjoining defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from filing an amendment to the S-4 with the SEC or otherwise disseminating an amendment to the S-4 to Parsley Energy's stockholders unless and until defendants agree to include the material information identified above in any such amendment;

B.     Preliminarily and permanently enjoining defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been omitted from the S-4;

C.     In the event that the transaction is consummated prior to the entry of this Court's final judgment, rescinding it or awarding Plaintiff rescissory damages;

D.     Directing the defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

E.     Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

F.     Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: December 3, 2020

**RIGRODSKY & LONG, P.A.**

By:   */s/ Gina M. Serra*
      Seth D. Rigrodsky (#3147)
      Brian D. Long (#4347)
      Gina M. Serra (#5387)
**OF COUNSEL:**
      300 Delaware Avenue, Suite 210
      Wilmington, DE 19801
**ROWLEY LAW PLLC**
      Telephone: (302) 295-5310
Shane T. Rowley
      Facsimile: (302) 654-7530
Danielle Rowland Lindahl
      Email: sdr@rl-legal.com
50 Main Street, Suite 1000
      Email: bdl@rl-legal.com
White Plains, NY 10606
      Email: gms@rl-legal.com
Telephone: (914) 400-1920
Facsimile: (914) 301-3514
      *Attorneys for Plaintiff*